IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARVEY L. CALE, | ) |
| | ) |
| Affiant, | ) |
| | ) |
| v. | ) Misc. No. 11- 209-GMS |
| | ) |
| BAC HOME LOAN SERVICING, LP and | ) |
| U.S. NATIONAL BANK ASSOCIATION, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

The affiant, Harvey L. Cale ("Cale"), who proceeds *pro se* filed the instant motion for the registration of final judgment and exemplification. (D.I. 1.) In addition, he filed a petition to admit and give full faith and credit to administrative record and judgment via the authority of 28 U.S.C. §§ 754, 1963, 1738, and/or 1739. (D.I. 2.)

**I. BACKGROUND**

The motion for registration of final judgment states that default judgment was entered in favor of Cale and against Bac Home Loan Servicing, LP ("BAC Home") and U.S. National Bank Association ("National Bank") (together "the respondents") and that the final determination and judgment is for the recovery of money. Exhibits provided to the court include a May 5, 2011 affidavit notice and demand and debt validation notice signed by Cale, notarized, and served upon BAC Home and Tara M. Dirocco on the same day. The affidavit "granted" BAC Home fifteen days to respond and, when it did not, on June 1, 2011 Cale served upon it an affidavit notice of default with opportunity to cure. Thereafter on August 16, 2011, Cale filed with the New Castle County Recorder of Deeds an affidavit of notice of default with certificate of non-response dated July 13, 2011.

On August 29, 2011, counsel for BAC Homes responded to a letter from Cale. It states that Cale's letter, "suggests that Bank of American is somehow in default, and purports to require Bank

of America to take certain actions or waive certain of its right. Bank of America disputes your assertion that it is in default. Furthermore, Bank of America is under no duty or obligation to respond to the letter or take any actions demanded therein." On August 31, 2011, Cale served upon the respondents an affidavit of a qualified written request for verification of proof of claim to the respondents. (D.I. 2.)

Finally, Cale provides a final determination and judgment that contains within a default judgment. The purported "default judgment" is not signed by a judge, does not indicate the court from which it allegedly issued, and lists damages in the sum of seven million, six hundred one thousand, eight hundred fifty-eight dollars ($7,601,858.00). It was signed by Cale on September 26, 2011 and notarized. It appears, but is not clear, that Cale wishes this court to enter default judgment against the respondents. Cale has paid the $39.00 fee to register the judgment.

## II. STANDARD OF REVIEW

A federal court may, at any time, raise the issue of whether it properly has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The court is not limited to the face of the pleadings in determining whether it has subject matter jurisdiction; it "may review any evidence to resolve factual disputes concerning the existence of jurisdiction." *Norman v. United States*, 1996 WL 377136, at *1 (E.D. Pa. July 3, 1996), *aff'd*, 111 F.3d 356 (3d Cir. 1997).

## III. DISCUSSION

The court has reviewed Cale's pleadings and exhibits and concludes that he either demands the court register a Delaware judgment or moves this court to enter a default judgment in a Delaware state court case. Pursuant to 28 U.S.C. § 1963, only a judgment rendered by a federal court may be registered in the federal courts. Although federal law provides for the registration of foreign judgments for enforcement, that statute applies only to judgments of other federal courts of appeals, district courts, bankruptcy courts, and the Court of International Trade. *See* 28 U.S.C. §

2

1963. Cale's filings do not fall within the scope of § 1963.

While the court certainly must accord full faith and credit to a Delaware state judgment (should one actually exist) in accordance with Article IV § I of the United States Constitution and 28 U.S.C. § 1738, it cannot properly register a state court judgment. Giving a state judgment full faith and credit means giving it preclusive effect, while registering a judgment requires that the court adopt the judgment as its own. *See New York Times Media, LLC v. Bay Guardian Co., Inc*, 2010 WL 2573957, at *3 (D. Del. June 28, 2010) (citing *W.S. Frey Co., Inc. v. Precipitation Assocs. of Am., Inc.*, 899 F.Supp. 1527, 1528 (W.D. Va. 1995);*Seoul Guarantee Ins. Co. v. Young Jik Shon*, 2008 WL 5235913 (M.D. Ala. Dec. 15, 2008)).

This court cannot register a state court judgment. Nor can it enter default judgment in a case that has never before been filed in the United States District Court for the District of Delaware. Inasmuch as Cale has failed to provide a judgment that is enforceable through the federal registration statute, he has failed to demonstrate a jurisdictional basis for this action.

## IV. Conclusion

Based upon the foregoing analysis, Cale's pending motion will be denied as moot and the case will be dismissed for lack of subject matter jurisdiction. The court will direct the clerk of the court to return Cale's $39.00 filing fee and to close this case.

An appropriate order will be entered.

_____, 2012
Wilmington, Delaware

_____
CHIEF UNITED STATES DISTRICT JUDGE

3